Middleton, J.,
dissenting. For the reasons which caused me to dissent in the case of Crowell-Collier Publishing Co. v. Glander, Tax Commr., 155 Ohio St., 511, 99 N. E, (2d), 649, 1 dissent in the instant case. I agree that the sale of equipment used in transportation before manufacturing begins and after it is finished should not be considered as excepted from the sales and use taxes. However, it is my opinion that the tendency of previous decisions of this court is to consider the manufacturing process as terminated too soon. It does not seem reasonable that manufacturing ceases with the last blow of the hammer, the last movement of the press or the last spray of paint. The removal of the manufactured articles from the end of the production line is imperative. Obviously, they can not be allowed to pile up at that point if production is to continue. I believe that all effort expended in removal of the finished articles, which is necessary to keep the production line in operation, is part of the manufacturing process. The equipment so employed should be treated as used directly in the production of tangible personal property by manufacturing, under Section 5546-25, General Code.
The same reasoning applies in the instant case where the question is whether the trucks are used directly in the mining operation, and the question arises under the same statute.
The operation of mining comprises many closely integrated steps. The operation is not completed when the coal is dislodged by the charge of explosive or otherwise in the mine. In the modern method of mining outlined in this case the mining operation is not terminated until the coal and the gob are completely separated at the cleaning plant. This point in the process is analogous to the end of the production line in a manufacturing plant. Neither the coal nor the gob can be allowed to pile up under the screens of *397 the cleaning plant. In my judgment the final step in the mining process is the expenditure of such effort to remove both the coal and the gob as may be necessary to keep the cleaning plant and the mine back of it in continuous operation. It is conceded that if the trucks here' involved and which constantly remove the gob were to cease operation for a few minutes the mine would close. In my judgment the removal of the gob by these trucks should be considered the final step in the mining operation and the trucks should be treated as being used exclusively in the mining operation so as to except their use from the tax.